## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM BOULWARE, on behalf of himself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>CARSON SMITHFIELD, LLC,<br><br>Defendant(s). | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

## LOCAL CIVIL RULE 10.1 STATEMENT

1. The mailing addresses of the parties to this action are:

   WILLIAM BOULWARE
   16 Sophia Avenue
   Vauxhall, New Jersey 07088

   CARSON SMITHFIELD, LLC
   225 W. Station Square Drive, 4th Floor
   Pittsburgh, Pennsylvania 15219

## PRELIMINARY STATEMENT

2. Plaintiff on behalf of himself and all others similarly situated ("Plaintiff"), by and through his attorneys, alleges that Defendants, CARSON SMITHFIELD, LLC ("CARSON SMITHFIELD") and JOHN DOES 1-25, their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

4. Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

5. As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

6. Plaintiff is a natural person, a resident of Union County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. CARSON SMITHFIELD maintains a location at 225 W. Station Square Drive, 4th Floor, Pittsburgh, Pennsylvania 15219

8. CARSON SMITHFIELD uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

9. CARSON SMITHFIELD is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series

of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant, in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

> All New Jersey consumers who were sent initial letters and/or notices from CARSON SMITHFIELD on behalf of MERRICK BANK CORPORATION, which included the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined.
>
> The Class period begins one year prior to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

   a. Numerosity: The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that violate specific provisions of the FDCPA. Plaintiff is complaining about a standard form letter and/or notice that was sent to at least fifty (50) persons (*See* **Exhibit A**). The undersigned has, in accordance with FRCP Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.

    b. <u>Commonality</u>: There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

        i. Whether the Defendants violated various provisions of the FDCPA as set forth herein:

        ii. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

        iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

        iv. Whether Plaintiff and the Class are entitled to declaratory relief.

    c. <u>Typicality</u>: Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

    d. <u>Adequacy of Representation</u>: Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

14. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

15. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

16. Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

17. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18. At some time prior to February 18, 2021, Plaintiff allegedly incurred a financial obligation to MERRICK BANK CORPORATION ("MERRICK BANK").

19. The MERRICK BANK obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

20. Plaintiff incurred the MERRICK BANK obligation by obtaining goods and services which were primarily for personal, family and household purposes.

21. The MERRICK BANK obligation did not arise out of a transaction that was for non-personal use.

22. The MERRICK BANK obligation did not arise out of transactions that were for business use.

23. The MERRICK BANK obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

24. MERRICK BANK is a "creditor" as defined by 15 U.S.C. § 1692a(4).

25. Sometime before February 18, 2021, MERRICK BANK or its agent referred the MERRICK BANK obligation to CARSON SMITHFIELD for the purpose of collection.

26. Defendants caused to be delivered to Plaintiff a letter dated February 18, 2021, which was addressed to Plaintiff. A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

27. The February 18, 2021 letter was sent to Plaintiff in connection with the collection of the MERRICK BANK obligation.

28. The February 18, 2021 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

29. The February 18, 2021 letter was the initial written communication that Plaintiff received from CARSON SMITHFIELD.

30. No other written communication was received by Plaintiff from CARSON SMITHFIELD within five days of the February 18, 2021 letter.

31. Upon receipt, Plaintiff read the February 18, 2021 letter.

32. The February 18, 2021 letter provides the following information regarding the balance claimed due on the MERRICK BANK obligation:

Balance Due: $1,806.95

33. The February 18, 2021 letter stated in part:

> Merrick Bank Corporation has hired us to collect the balance due on your account. We are authorized to offer you two settlement options for less than the above referenced balance. To accept either, contact us on or **before April 30, 2021** and pay as outlined below. To accept, visit www.CSFSolutions.com, call us at 1-877-

> 394-5975 to make payments free of charge, or mail your payment with the voucher below. Options are as follows:
>
> <u>Lump Sum (single payment)</u>: Merrick Bank Corporation will consider your account settled if you make a one-time payment of $542.09 (which equals 30.0% of the outstanding balance of $1,806.95) on or **before April 30, 2021**.
>
> <u>Extended Offer (pay over time)</u>: Merrick Bank Corporation will consider your account settled if you remit your first payment of $30.12 on or **before April 30, 2021** and continue to make monthly payments of $30.12 each, for the next consecutive 23 months (24 payments total). Accepting this offer will result in payment of an amount that is greater than what you would pay under the Lump Sum Offer. (emphasis added)
>
> You are under no obligation to accept either of these offers. If you do accept, we may attempt to contact you to collect the balance, less any payments you may have made.
>
> …
>
> The opportunities listed above do not alter or amend your validation rights described below---

34. Under the offers presented by Defendant, Plaintiff was required to make a payment **by April 30, 2021.**

35. According to Defendant's February 18, 2021 letter, Plaintiff has certain rights:

> **IMPORTANT NOTIFICATION REQUIRED BY FEDERAL LAW – FEDERAL NOTICE:**
> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

36. These rights are mandated by 15 U.S.C. § 1692g(a)(3) through (5) ("Validation Notice") of the FDCPA.

37. A debt collector has the obligation not just to convey each of the disclosures required by 15 U.S.C. § 1692g(a)(3)-(5), but also to convey each disclosure clearly.

38. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

39. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

40. 15 U.S.C. § 1692g(b) provides that collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

41. A collection activity or communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to his or her rights.

42. Where an actual or apparent contradiction of the validation notice exists, the letter must include a reconciling statement to avoid the confusion that would result if the letter does not explain how the demand for payment fits together with the consumer's right to dispute the debt. See Wilson v. Quadramed Corp., 225 F.3d 350 (3d Cir 2000).

43. Defendant's February 18, 2021 letter does not include such a reconciling statement. Nor does the letter explain what would happen to the expiration date to make the settlement payment should Plaintiff exercise his rights under 15 U.S.C. § 1692g(a)(3)-(5).

44. Defendant could have advised Plaintiff and others similarly situated that:

> If you dispute the debt, request proof of the debt, or request the name of the original creditor in writing within the 30 day period described herein, the settlement expiration date will be extended by the number of days from the date of your request to the date this office has mailed you the requested information.

45. Without the inclusion of a "reconciling statement", Defendant's letter violates the FDCPA as it overshadows and renders the Validation Notice ineffective.

46. Plaintiff and others similarly situated are left unsure what would happen to the expiration date to make the settlement payment should they send a written dispute to the Defendant within 30 days of receipt of the letter. Would the expiration be extended by the length of time that it took for Defendant to provide written verification of the debt since Defendant was prohibited from further collection during that period?

47. Plaintiff and others similarly situated would be confused by Defendant's demand for payment within the "30 day dispute period" under the FDCPA. If Plaintiff and others similarly situated sent payment within the "30 day period" would they be giving up their rights to dispute the debt or have it verified? If Plaintiff and others similarly situated disputed the debt and also sent payment, and the debt was found invalid, would Defendant return the payment?

48. "Thus, in order to comply with the requirements of section 1692g, more is required than the mere inclusion of the statutory debt validation notice in the debt collection letter - the required notice must also be conveyed effectively to the debtor." Wilson v. Quadramed Corp., 225 F.3d 350 at 354 (3d Cir. 2000); (citing Swanson v. Southern Oregon Credit Serv., Inc., 869 F.2d 1222, 1224 (9th Cir. 1988)); see also Graziano v. Harrison, 950 F.2d 107, 111 (3d Cir. 1991). See also Grubb v. Green Tree Servicing, 2014 WL 3696126, at *9

(D.N.J. July 24, 2014), Grubb v. Green Tree Servicing, 2017 WL 3191521 at *5 (D.N.J. July 27, 2017).

49. Defendant's February 18, 2021 letter creates confusion and leaves the Plaintiff and others similarly situated uncertain as to their dispute rights under the FDCPA.

50. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

51. The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his response.

52. CARSON SMITHFIELD knew or should have known that its actions violated the FDCPA.

53. Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

54. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

> (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;
>
> (b) Using unfair or unconscionable means to collect or attempt to collect any debt; and

   (c)  Overshadowing and/or contradicting Plaintiff's rights under the FDCPA.

55. Defendants have sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the state of New Jersey within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

56. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

57. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

58. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused about his or her rights.

59. Defendants violated 15 U.S.C. § 1692e of the FDCPA as described herein in connection with their communications to Plaintiff and others similarly situated.

60. Defendants engaged in false, deceptive, or misleading representations or means in violation of 15 U.S.C. § 1692e and § 1692e(10).

61. Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

62. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

63. As described herein, Defendants violated 15 U.S.C. § 1692e(10) which prohibits the employment of false and deceptive means of collecting debt.

64. Defendant violated 15 U.S.C. § 1692g by failing to effectively convey the Validation Notice.

65. As described herein, Defendant's letter violated 15 U.S.C. § 1692g et al.

66. Defendant violated the FDCPA by overshadowing and/or contradicting the notices mandated by 15 U.S.C. § 1692g(a)(4) and (5).

67. Defendant violated 15 U.S.C. §. 1692g(b) by engaging in collection activity which overshadows or is inconsistent with the consumer's right to dispute the debt.

68. Defendants' conduct as described herein constitutes unfair or unconscionable means to collect or attempt to collect any debt.

69. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

70. Plaintiff and others similarly situated have a right to be free from abusive debt collection practices by debt collectors.

71. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

72. Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

73. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

74. Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

  (a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

  (b) Awarding Plaintiff and the Class statutory damages;

  (c) Awarding Plaintiff and the Class actual damages, including but not limited to a disgorgement of all money collected during the relevant period;

  (d) Awarding pre-judgment interest;

  (e) Awarding post-judgment interest.

  (f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

  (g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: August 25, 2021      Respectfully submitted,

           By: *s/ Joseph K. Jones*
             Joseph K. Jones, Esq. (JJ5509)
             JONES, CHULSKY & KESSLER, LLC
             330 Mounts Corner Drive, Suite 417
             Freehold, NJ 07728
             Phone: (877) 827-3395
             Fax: (877) 827-3394
             *Attorneys for Plaintiff*

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.

Dated: August 25, 2021

*s/ Joseph K. Jones*
Joseph K. Jones, Esq. (JJ5509)
JONES, CHULSKY & KESSLER, LLC
330 Mounts Corner Drive, Suite 417
Freehold, NJ 07728
Phone: (877) 827-3395
Fax: (877) 827-3394
*Attorneys for Plaintiff*

# EXHIBIT

# A

CARSON SMITHFIELD, LLC
P.O. BOX 9216
OLD BETHPAGE, NY 11804

February 18, 2021

Our File Number: [redacted]
Balance Due: $1,806.95
Current Creditor: Merrick Bank Corporation
Original Creditor: Merrick Bank Corporation
Original Account Number: [redacted]

WILLIAM V BOULWARE

Dear William V Boulware,

Merrick Bank Corporation has hired us to collect the balance due on your account. We are authorized to offer you two settlement options for less than the above referenced balance. To accept either, contact us on or before April 30, 2021 and pay as outlined below. To accept, visit www.CSFSolutions.com, call us at 1-877-394-5975 to make payments free of charge, or mail your payment with the voucher below. Options are as follows:

**Lump Sum (single payment):** Merrick Bank Corporation will consider your account settled if you make a one-time payment of $542.09 (which equals 30.0% of the outstanding balance of $1,806.95) on or before April 30, 2021.

**Extended Offer (pay over time):** Merrick Bank Corporation will consider your account settled if you remit your first payment of $30.12 on or before April 30, 2021 and continue to make monthly payments of $30.12 each, for the next consecutive 23 months (24 payments total). Accepting this offer will result in payment of an amount that is greater than what you would pay under the Lump Sum Offer.

You are under no obligation to accept either of these offers. If you do not accept, we may attempt to contact you to collect the balance, less any payments you may have made.

If you have any questions, please feel free to contact our office, toll-free, at 1-877-394-5975. The hours of operation are Monday-Friday 8:00 AM to 9:00 PM ET & Saturday 8:00 AM – 4:30 PM ET.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector.

Sincerely,
Carson Smithfield, LLC, 225 W. Station Square Dr. 4th Floor Pittsburgh, PA 15219
---The opportunities listed above do not alter or amend your validation rights described below---

**IMPORTANT NOTIFICATION REQUIRED BY FEDERAL LAW - FEDERAL NOTICE:**
Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.